Lisa D. COATNEY, Plaintiff—
Appellant,

v.

LAS VEGAS METROPOLITAN PO-
LICE DEPARTMENT; K. O'Connor;
W. Zimmerman, Defendants—Appel-
lees.

No. 04–15475.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2005.*

Decided Dec. 9, 2005.

---

\* The panel unanimously finds this case suitable for decision without oral argument. FED.

R.APP. P. 34(a)(2).

Cal J. Potter, III, Esq., Michael Weisman, Esq., Potter Law Offices, Las Vegas, NV, for Plaintiff–Appellant.

Peter M. Angulo, Esq., Rawlings Olson Cannon Gormley & Desruisseaux, Las Vegas, NV, for Defendants–Appellees.

Before: FARRIS, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Lisa Coatney sued certain law enforcement officers and the Las Vegas Metropolitan Police Department for alleged constitutional violations arising from a call on her home by officers of the Department and her subsequent arrest for obstructing a police investigation by refusing to disclose her identity.[1] She appeals the district court's grant of summary judgment to the appellees. The district court concluded that the affirmative defense of qualified immunity barred Coatney's federal claims against the individual appellees, that Coatney failed to provide evidence creating a genuine issue of material fact on her state law claims against the individual appellees, and that there was no evidence that the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of this case, we reference the facts here only as they are necessary to explain our disposition.

Department as a municipal entity acted with deliberate indifference to her constitutional rights. We review the grant of summary judgment de novo. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc); *see also Bingham v. City of Manhattan Beach,* 341 F.3d 939, 945 (9th Cir.2003) ("The district court's grant of summary judgment on the ground of qualified immunity is also reviewed de novo.").

■ Coatney argues that the district court erred by granting the individual appellees' defense of qualified immunity as to Coatney's federal claims that they had violated her constitutional rights. Coatney, however, made only conclusory statements that these appellees did not adequately investigate charges of police misconduct. Coatney's factual allegations, even if accepted as true, do not show a violation of any constitutional right. Coatney has therefore failed to meet the first prong of the test set forth in *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Accordingly, we conclude that the district court correctly held that the individual appellees are entitled to qualified immunity with regard to Coatney's federal claims.

■ Coatney also argues that the district court erred by granting summary judgment to the individual appellees with regard to her state law tort claims of negligent supervision and intentional infliction of emotional distress. Here too, Coatney has failed to present evidence that would create a genuine issue of material fact. We therefore conclude that summary judgment was proper on Coatney's state law tort claims. FED. R. CIV. P. 56(c).

■ Coatney next challenges the district court's summary judgment in favor of the Department, contending that the Department acted with deliberate indifference to her constitutional rights. Coatney specifically claims that municipal liability exists due to the Department's alleged failure to properly train, supervise, and discipline its officers in the fundamental laws of search, arrest, detention, and use of force. Coatney also alleges that the Department was negligent in failing to conduct a proper background check of the arresting officer before he was hired. To prevail on this claim, however, Coatney must show that she was deprived of a constitutional right, which, as we have held above, she has not done.

■ Moreover, to sustain her claim that a policy of inadequate training exists, Coatney cites *Carey v. Nevada Gaming Control Board,* 279 F.3d 873 (9th Cir. 2002), for the proposition that one's refusal to cooperate with an officer is not grounds for a proper arrest. More recently, however, the Supreme Court held in *Hiibel v. Sixth Judicial District Court,* 542 U.S. 177, 124 S.Ct. 2451, 2457, 2459, 159 L.Ed.2d 292 (2004), that an officer may arrest a suspect for his refusal to provide identification. Although Coatney was a victim and not a suspect, *Hiibel* nonetheless tends to undercut her inadequate-training argument.

■ Coatney's background-check claim appears to be based on the arresting officer's deposition testimony that when he previously worked for a hotel, he was sent home one day for engaging in a verbal altercation with another hotel employee. The record, however, shows that the officer did not receive any further discipline for the altercation and there is no evidence that he was fired from the hotel or any other job prior to his employment with the Department. As Coatney fails to bring forth allegations that would support her claims against the Department, the district court properly granted the Department's motion for summary judgment. FED. R. CIV. P. 56(c).

Finally, we consider the appellees' request for attorney's fees pursuant to 42 U.S.C. § 1988(b). Because one of the issues presented requires analysis of a "stop and identify" statute that has been the subject of considerable legal debate, *see Hiibel*, 124 S.Ct. at 2457, 2459, we conclude that Coatney's appeal does not approximate frivolousness. *See Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir.2005) (recognizing that prevailing defendants in civil-rights actions "may only be awarded attorney's fees pursuant to 42 U.S.C. § 1988(b) when the plaintiff's civil-rights claim is 'frivolous, unreasonable, or groundless'" (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978))). Accordingly, we deny the appellees' motion.

**AFFIRMED.**